IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02307-PAB-MJW

ALISHA MORRISON,

Plaintiff,

v.

NORTH AMERICAN RECOVERY,

Defendant.

---

ORDER ON
PLAINTIFF'S MOTION TO DISMISS CASE (Docket No. 24)
and
DEFENDANTS' MOTION FOR SANCTIONS (Docket No. 26)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to the Order of Reference entered November 10, 2016, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

### I. Factual Background

Plaintiff initiated this Fair Debt Collection Act ("FDCA") action by filing a Complaint on September 13, 2016. (Docket No. 1.) Defendant filed an Answer (Docket No. 8) on October 17, 2016, and then filed a Motion for Summary Judgment on November 10, 2016. (Docket No. 11.) Plaintiff filed a Motion to Dismiss Case (Docket No. 24) on December 15, 2016. In response, on January 4, 2017. Defendant filed a Motion for Sanctions. (Docket No. 26.)

Defendant seeks sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11(c)(3). Defendant argues that Plaintiff's counsel was informed prior to filing the

Complaint that her client's claims were not supported by fact or law, and that by filing it anyway, Plaintiff's counsel acted unreasonably and vexatiously and caused Defendant to incur costs in filing an Answer and Motion for Summary Judgment.

**II. Analysis**

    **a. 28 U.S.C. § 1927**

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 awards are appropriate 'only in instances evidencing a serious and standard disregard for the orderly process of justice.'" *Sangui Biotech Int'l, Inc. v. Kappes*, 179 F. Supp. 2d 1240, 1243 (D. Colo. 2002). The Court's analysis focuses on the objective nature of the conduct, not the attorney's subjective intent. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir.2008). "Sanctions are appropriately imposed under § 1927 on counsel . . . who continue to pursue claims that are no longer reasonable." *Sangui Biotech,* 179 F. Supp. 2d 1244 at 1244.

Relevant to this case, "it is widely recognized that § 1927 only applies to the multiplication of proceedings and not to the initiation of proceedings." *Barrientos-Sanabria v. Holte*, No. 11-cv-00838-KLM, 2013 WL 3270597, at *4 (D. Colo. June 27, 2013). Because § 1927 covers only the multiplication of "the proceedings in any case," this "unambiguous statutory language necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until

2

after those proceedings have begun." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224–25 (10th Cir. 2006). "Section 1927 is not a 'catch all' provision designed to serve as a basis for sanctioning any and all attorney conduct that courts want to discourage. . . . Instead, § 1927 is an 'incentive for attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims.'" *Barrientos-Sanabria*, 2013 WL 3270597, at *4 (quoting *Steinert*, 440 F.3d at 1224).

With this authority in mind, it is apparent that Defendant cannot rely on § 1927 as a basis for sanctions, as its motion is aimed squarely at Plaintiff's counsel's decision to initiate, rather than multiply, the proceedings. Defendant complains that it incurred costs associated with filing its Answer and Motion for Summary Judgment, preparing and serving its initial disclosures, and drafting a proposed Scheduling Order. However, all of these tasks were undertaken in response only to Plaintiff's Complaint, not to any other actions taken by Plaintiff or her counsel. Plaintiff's counsel did not file a response to the Motion for Summary Judgment (Docket No. 11); instead, she offered to dismiss her case with prejudice, and filed a motion requesting the Court to do so. (Docket No. 24.) In short, she re-evaluated the merits of her claim and took action to avoid prolonging a meritless case, which is exactly the behavior encouraged by § 1927.

The cases cited by Defendant in support of its argument that § 1927 sanctions are appropriate where a party is forced to expend unnecessary fees and costs associated with filing a motion to dismiss and/or for summary judgment are distinguishable. These cases involved *contested* dispositive motions, *see Riddle v. Assocs., P.C.,* 414 F.3d 832 (7th Cir. 2005); *Longmoor v. Nilsen*, 312 F. Supp. 2d 352,

3

363 (D. Conn. 2004), or instances where the plaintiff "insist[ed] upon the relinquishment of a right as a condition of discontinuing a frivolous claim." *Viola Sportswear v. Minum*, 574 F. Supp. 619, 621 (E.D.N.Y. 1983). In contrast, Plaintiff, in response to the Motion for Summary Judgment (Docket No. 11), simply moved to dismiss her claims with prejudice, thereby effectively ending the action.

The Court does not find that Plaintiff unreasonably and vexatiously multiplied the proceedings in this case. Accordingly, Defendant's Motion for Sanctions must be denied as to this basis.

### b. Rule 11

Rule 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A motion for Rule 11 sanctions "must be served under Rule 5, but

it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

Here, it is undisputed that Defendant did not comply with Rule 11's 21-day "safe harbor" provision. Instead, Defendant argues that it is not actually requesting sanctions, but rather that the Court should *sua sponte* impose sanctions pursuant to Rule 11, which authorizes the Court issue a show cause order on its own initiative. This is a curious argument. Defendant clearly seems to be requesting a court order, which is the very definition of a motion. Indeed, its argument is contained in a filing titled "Motion for Sanctions," under a section heading titled "Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c)(3)." If the Court were inclined to impose Rule 11 sanctions against Plaintiff's counsel, it would do so on the grounds presented by Defendant in its motion, and therefore the order would not be issued *sua sponte.*

In any event, the Court does not find that the facts of this case indicate bad faith on the part of Plaintiff's counsel. Therefore, the Court declines to exercise its authority under Rule 11 to impose sanctions against Plaintiff's counsel. Furthermore, the Court finds that the procedural requirements of a Rule 11 motion have not been met, and therefore Defendant's Motion for Sanctions (Docket No. 26) must be denied.

### c. Plaintiff's request for fees

In her Response (Docket No. 29), Plaintiff requests an award of fees and costs incurred in responding to Defendant's Motion for Sanctions. (Docket No. 26.) Plaintiff's request is improper because a "motion shall not be included in a response or reply to

the original motion." D.C.COLO.LCivR 7.1(d). Even if the request had been properly made, the Court would not be inclined to award fees and costs.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Sanctions (Docket No. 26) is **DENIED**. It is further

**ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 11) is **DENIED AS MOOT**. It is further

**ORDERED** that Plaintiff's Motion to Dismiss Case (Docket No. 24) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**, with each party to bear its own attorneys' fees and costs.

Date: April 13, 2017  *s/ Michael J. Watanabe*
Denver, Colorado  Michael J. Watanabe
 United States Magistrate Judge